IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. |
| | ) | SA-11-CR-449(2)-DAE |
| vs. | ) | |
| | ) | |
| JOHNNY LEWAN KIRK, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION FOR RECONSIDERATION

Before the Court is a Motion for Reconsideration of the Court's Order granting the Government's Motion for Early Admissibility Rulings (Dkt. # 216) filed by Defendant Johnny Kirk ("Defendant"). (Dkt. # 223.) For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion for Reconsideration.

BACKGROUND

On April 4, 2012, a Grand Jury issued a Superseding Indictment charging Defendant with (1) transportation of stolen goods in interstate commerce, in violation of 18 U.S.C. § 2314 (Count 1); (2) interference with interstate commerce by threats of violence, in violation of 18 U.S.C. § 1951 (Count 2); and (3)

using and carrying a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Count 4). (Id.) The Indictment's charges stemmed from Defendant allegedly robbing Lee Michaels Fine Jewelry store in San Antonio, Texas, on March 24, 2010 and transporting the stolen jewelry (worth approximately $2.3 million) to Oklahoma City, Oklahoma. On May 21, 2012, Defendant appeared before Magistrate Judge Mathy and entered a plea of Not Guilty. (Dkt. # 65.) Defendant was ordered detained without bond. (Dkt. # 64.)

On November 18, 2013, in anticipation of the January 21, 2014 trial date, the Government filed a Motion for Early Admissibility Rulings on Disclosed and Marked Government Trial Exhibits. (Dkt. # 216.) In its Motion, the Government averred that on or about October 3, 2013, the Government had tendered its exhibit list and a disk containing its marked exhibits to defense counsel along with additional early Jencks/Brady/Giglio information in anticipation of an earlier October 15, 2013 trial date. (See id. at 1.) Because counsel had already had the Government's listed and marked trial exhibits for over thirty days, the Government requested the Court to order a twenty-one day deadline for counsel to file written objections to authentication or admissibility of the Government's listed and marked trial exhibits. (See id. at 2.) The Government's request designated December 9, 2013 as the deadline for objections. (Id.)

Because a Daubert hearing was scheduled for December 19, 2013 (Dkt.

# 214), a pretrial conference was scheduled for January 13, 2014 (Dkt. # 213), and the trial was scheduled for January 21, 2014 (Dkt. # 194), the Court granted the Government's Motion for Early Admissibility rulings. (Dkt. # 218.) The following day, Defendant filed the instant Motion for Reconsideration. (Dkt. # 223).

## DISCUSSION

Defendant argues that early admissibility rulings are not permitted by the Federal Rules of Evidence or the Due Process Clause of the Fifth Amendment. (See Dkt. # 223 at 1–2).[1] Defendant is mistaken.

Here, the Government's Motion for Early Admissibility Rulings asked the Court to rule on the admissibility of certain evidence prior to trial and as such, it was, for all intents and purposes, a motion in limine. The Federal Rules do contemplate pretrial admissibility rulings made prior to trial or "in limine." See Fed. R. Evid. 103 cmt. 2000 amend. ("The amendment applies to all rulings on evidence whether they occur at or <u>before trial, including so-called 'in limine' rulings</u>." (emphasis added)). "It is well-established that motions in limine may be used to secure a pretrial ruling that certain evidence is admissible." Bond

---

[1] The Court notes that Defendant does not cite any authority for his argument. See W.D. Tex. Loc. R. CR-47(a)(1) ("When filing a motion or response, a party must cite the legal authority upon which the party relies."). The Court has searched in vain for any case that equates an early admissibility ruling with a violation of either the Federal Rules of Evidence or the Due Process Clause.

Pharmacy, Inc. v. AnazaoHealth Corp., 3:11-CV-58-CWR-FKB, 2012 WL 3052902, at *2 (S.D. Miss. July 25, 2012); see Wright & Graham, 21 Fed. Prac. & Proc. Evid. § 5037.15 (2d ed. 2005) ("Revised Rule 103 permits definitive motions in limine whether they are seeking a ruling either 'admitting or excluding' the evidence. This validates the use of the 'permissive' motion in limine; that is, one that seeks permission to admit evidence rather than to exclude it.").

Additionally, the authority to entertain motions in limine and to make early admissibility rulings lies within the inherent power of a court's to manage pre-trial and trial proceedings and within the ambit of its general authority to decide evidentiary questions. See Luce v. United States, 469 U.S. 38, 41 n.4 (1984) ("Although the Federal Rules of Evidence do not explicitly authorize in limine rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials."); see also Scotto v. Long Island Railroad, No. 05 Civ. 4757(PKL), 2007 WL 894332, at *1 (S.D.N.Y. Mar. 20, 2007) ("A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions in limine."). Indeed, "[t]he purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996).

In fact, an early admissibility ruling is preferable in this instance because the Government has indicated it has over 300 exhibits, and Defendant avers that because "in this case everything is contested and there is no agreement with the Government with respect to any item of the evidence," Defendant will "require[] authentication of each and every piece of evidence." (Dkt. # 223.) If Defendant truly wishes to object to "each and every piece of evidence," the Court should "rule on evidentiary issues in advance of trial in order to avoid delay and ensure an even-handed and expeditious trial and to focus the issues the jury will consider." Goldman v. Healthcare Mgmt. Sys., Inc., 559 F. Supp. 2d 853, 858 (W.D. Mich. 2008).

Likewise, a pretrial admissibility ruling on the Government's exhibits does not offend due process. Notice and an opportunity to be heard—the threshold requirements embodied in the Due Process Clause, see Fuentes v. Shevin, 407 U.S. 67, 70 (1972), are expressly available during the pretrial admissibility ruling process. In fact, this Court's Order only specified a timeframe for Defendant to "be heard" by making his objections to the Government's trial exhibits known to the Court. (See Dkt. # 218.)

Defendant alternatively argues that trial testimony is required to determine the admissibility of the exhibits and that therefore a pretrial ruling is premature and unwarranted. (See Dkt. # 223 at 2.) Defendant is overreaching.

5

Even if this Court made early admissibility rulings that were adverse to Defendant, "in limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial." Ohler v. United States, 529 U.S. 753, 758 n.3 (2000); accord Luce, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner). Moreover, any context required for a particular exhibit can be satisfied with an offer of proof. See James v. Bell Helicopter Co., 715 F.2d 166, 175 (5th Cir. 1983) (noting that the primary purpose of an "offer of proof" is to enable court to rule correctly).

However, to the extent that Defendant requests an extension of the deadline to file his objections to the Government's trial exhibits (see Dkt. # 223 at 3), the Court finds that a modification of pretrial objection deadline is acceptable. Accordingly, Defendant's objections to the Government's disclosed and marked trial exhibits are due December 30, 2013.

CONCLUSION

For the aforementioned reasons, the Court **DENIES IN PART**, and for the limited purpose of amending the pretrial objection deadline, the Court **GRANTS IN PART** Defendant's Motion for Reconsideration. Defendant's objections to the Government's disclosed and marked trial exhibits are due **December 30, 2013**.

**IT IS SO ORDERED**.

**Dated**: San Antonio, Texas, November 27, 2013.

_____

David Alan Ezra
Senior United States Distict Judge